Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5770 | **DATE** | 9/28/2010 |
| **CASE TITLE** | Nathaniel Todd (#2009-0013567) vs. Thomas J. Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* [#3] is denied. The plaintiff is directed to: (1) pay the full statutory filing fee of $350; (2) prepare an amended complaint (plus conforming judge's and service copies); and (3) show cause why the complaint should not be dismissed for failure to exhaust administrative remedies. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions. Failure to comply with these directives within thirty days will result in summary dismissal of this case. The plaintiff should type or **neatly print** all court filings to ensure that they are readable.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. However, a review of the court's docket reveals that the plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Mr. Todd's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Todd v. Cook County Circuit Court System*, Case No. 09 C 6130 (N.D. Ill.), dismissed on initial review pursuant to 28 U.S.C. § 1915A, *see* Memorandum Opinion and Order of October 6, 2009 (Shadur, J.); *Todd v. Luppino*, Case No. 09 C 6942 (N.D. Ill.), dismissed on threshold review pursuant to 28 U.S.C. § 1915A, *see* Minute Order of January 15, 2010 (Manning, J.); and *Todd v. State of* **(CONTINUED)**

mjm

| STATEMENT |
|---|

*Illinois*, Case No. 10 C 1742 (N.D. Ill.), dismissed on threshold review pursuant to 28 U.S.C. § 1915A by Minute Order of January 15, 2010 (Kennelly, J.). In fact, the plaintiff was recently advised that he had struck out. *See Todd v. Cook County*, Case No. 10 C 5170 (N.D. Ill.), Minute Order of September 9, 2010 (Manning, J.). That order would seem to have crossed in the mail with this new lawsuit from the plaintiff.

Although the plaintiff's current complaint is barely legible and difficult to decipher, this case does not appear to involve imminent danger of serious physical injury. The plaintiff seems to claim that he was denied needed medical care after his cellmate attacked him on August 5, 2010. In the absence of imminent danger of serious physical injury, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee. The plaintiff must prepay the full statutory filing fee in order to pursue this lawsuit.

The plaintiff must also submit an amended complaint, plus a judge's copies and service copies. The plaintiff has filed eight lawsuits in this district in the past fourteen months and continues to ignore the various judges' repeated admonitions about basic filing requirements. The plaintiff is once again advised that he must provide the court with a complaint (or, in this case, amended complaint), a judge's copy, and a sufficient number of copies of the complaint for service on each named defendant. Each copy must be an exact duplicate of the original court filing, either photocopied or copied by hand word-for-word. Also, it is in the plaintiff's own best interests to ensure that his pleadings and motions are legible. If the plaintiff cannot type court filings, then he should neatly and carefully print his court submissions in block letters, using appropriate margins and spaces between lines so that the documents can be easily read. In addition, the plaintiff should include only the basic, relevant facts.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

Finally, the plaintiff is ordered to show good cause in writing why this case should not be dismissed for failure to exhaust administrative remedies prior to bringing suit. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim [in federal court]." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001). Dismissal on the pleadings is proper where failure to exhaust is self-evident. *Massey v. Wheeler*, 221 F.3d 1030, **(CONTINUED)**

**STATEMENT (continued)**

1034 (7th Cir. 2000). Here, the plaintiff's complaint, which is dated August 24, 2010, concerns medical care following an alleged attack on August 5, 2010. The latest date mentioned in the complaint appears to be August 27th (again, the complaint is illegible as to that date; the court recognizes that the last date conflicts with the earlier signature date of the complaint). It seems highly unlikely that the plaintiff completed the administrative grievance process in such a short time. Therefore, this lawsuit would appear to have been prematurely filed.

For the foregoing reasons, the plaintiff's motion for leave to file *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(g). The plaintiff is directed to: (1) pay the full statutory filing fee of $350; (2) prepare a legible amended complaint (plus conforming judge's and service copies); and (3) show cause why the complaint should not be dismissed for failure to exhaust administrative remedies prior to initiating suit. Failure to comply with these directives within thirty days will result in summary dismissal of this case.